### In re AH YUK.

(District Court, D. Minnesota. January 18, 1893.)

CHINESE—EXCLUSION ACTS—JURISDICTION.

A United States commissioner, while he has authority, in a summary proceeding under the Chinese exclusion acts, to order the deportation of a Chinaman found to be unlawfully within the United States, has no jurisdiction to order him to be imprisoned at hard labor for 30 days prior to the time fixed for his deportation. U. S. v. Wong Sing, 51 Fed. Rep. 79, applied.

Petition by Ah Yuk, a Chinaman, for writ of habeas corpus. Prisoner discharged.

H. R. Tinkham, for petitioner.

Eugene G. Hay, U. S. Dist. Atty.

EDGERTON, District Judge. The petitioner, Ah Yuk, was arrested on December 19, 1892, and brought before J. R. Carey, commissioner of the circuit court, for this district, charged with having unlawfully entered the United States, and being on that date unlawfully therein, in violation of an act of congress entitled "An act to execute certain treaty stipulations relating to Chinese, approved May 6, 1882," and the acts amendatory thereof and supplementary thereto; that afterwards, on the said 19th day of December, 1892, the said Ah Yuk was taken before said commissioner, by virtue of said complaint and warrant, who, after a hearing thereon, found and adjudged that said Ah Yuk was a Chinese laborer, and a subject of the Chinese empire; that he came unlawfully to the United States, and was then in the United States contrary to law and in violation of the acts aforesaid; and it was then and there ordered and adjudged by the said commissioner "that the said Ah Yuk be imprisoned at hard labor in the jail of St. Louis county, in said district of Minnesota, for thirty days, and then be removed and deported from the said United States of America to China." The petitioner caused to be issued a writ of habeas corpus, and the return to said writ admits the said allegations.

The sole and only question presented to the court is whether the circuit court commissioner exceeded his authority under the law and constitution when he sentenced the petitioner to be confined at hard labor for 30 days. The petitioner could be arrested, and, upon a summary examination before the circuit court commissioner, could, upon the finding and sentence of that officer, be deported, but this does not necessarily determine that the circuit court commissioner could thus summarily sentence the petitioner to hard labor. In the case of U. S. v. Wong Sing, reported in 51 Fed. Rep., on page 79, the learned judge says:

"To give proper effect to all the provisions of this act, it is necessary to give it an interpretation authorizing indictments and criminal prosecutions in those cases in which the government may be able to secure and produce sufficient evidence to justify the same, and at the same time preserving the remedy of summary proceedings in all cases in which criminal prosecutions may be, for any reason, impracticable, and requiring that Chinese persons unable to prove their right to remain in the country, but who cannot be convicted upon a criminal charge, shall be sent to their own country, in accordance with the procedure and practice adopted in enforcing the existing laws. Such procedure and practice permits an information to be filed by the United States attorney, upon which the accused may be brought to trial; and if, on such trial, the judge finds the necessary facts, he may issue process for the removal of the accused to his own country."

If the commissioner had sentenced the petitioner to be deported only, his sentence would not be disturbed, but I think he exceeded his authority, under the law, and also under the limitations and restrictions of articles 5 and 6 of the amendments to the constitution, when he sentenced him to hard labor; and, as that is the charge upon which the writ issued, the petitioner must be discharged from custody.